IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MICHAEL GREEN                                                                             PLAINTIFF

VS.                                                       CIVIL ACTION NO. 3:12cv216-WHB-LRA

NATIONWIDE MUTUAL INS. CO., ET AL.                                              DEFENDANTS

**ORDER**

THIS CAUSE is before the Court on Plaintiff Michael Green's Motion for Discovery, ECF No. 11. Green, an ERISA claimant, seeks the reinstatement of his long-term disability benefits from Nationwide Mutual Insurance Company [NMIC], the Nationwide Mutual Insurance Companies and Affiliates Plan for Your Time and Disability Income Benefits ('the Plan"), Nationwide Services Company, LLC, and John Does 1-10. To advance his claim, Green moves this Court for permission to conduct discovery through the service of interrogatories and requests for production. Having considered the motion, the response, the rebuttal, and the applicable law regarding ERISA cases, the Court finds that the Motion should be granted in part and denied in part, as set forth hereafter.

Defendants determined that Green was entitled to long-term disability benefits on November 6, 2009. Six months later, Defendants determined that Green was no longer disabled, and his benefits were terminated. Green seeks discovery related to three topics: (a) the existence of a conflict of interest arising from NMIC's role as the entity which simultaneously funds the Plan and makes determinations regarding whether to pay benefits; (b) the internal consistency of the Plan under the administrator's interpretation; and (c) the factual background of the determination that Mr. Green was no longer entitled to disability benefits. He seeks to propound 30

interrogatories and/or requests for production [mixed in one 11-page document, Exhibit A] to NMIC, and an identical document to the Plan. Green contends that "Category 1," request numbers 1-14, relate to the identities of the proper party defendants, or the entities involved in the benefits determinations. "Category 2," request numbers 15-17, relate to the termination of other claimants' benefits. "Category 3," request numbers 18-23, relate to the Labor Market Survey cited as a basis for terminating Green's disability benefits. Within this category, Green requests to depose George Andrews, Eckman/Freeman & Associates, the author of the survey, and to subpoena his claims file. "Category 4," request numbers 24-26, relate to discovery from Jo Lynn Polk, M.D., the physician whose opinion was used to reverse Green's benefits. Finally, "Category 5," request numbers 27-30, are contention interrogatories requesting Defendants to explain their defenses set forth in the Answer.

Discovery is not ordinarily granted in ERISA cases. This Court's review is constrained to the administrative record, to that evidence which was before the plan administrator in resolving a plaintiff's claim for benefits; the Court may not open the record and conduct discovery as to these determinations, or indulge in fact-finding. *Gooden v. Provident Life & Accident Ins. Co.,* 250 F.3d 329, 333 (5th Cir. 2001). This Court's review is subject to an arbitrary and capricious standard of review, and the applicable law provides only for limited discovery.

In the case of *Crosby v. Louisiana Health Serv. and Indem. Co.*, 647 F.3d 258, 263-264 (5th Cir. 2011), the Fifth Circuit reversed a magistrate judge's decision to deny a motion to compel a claimant's requested discovery in an ERISA case. In doing so, the

Court discussed and explained its prior holdings[1] regarding discovery in ERISA cases. It concluded that discovery may be allowed only on three narrow topics (separate and apart from coverage issues):

> 1. To question the completeness of the administrative record;
>
> 2. Whether the plan administrator complied with ERISA's procedural regulations; and,
>
> 3. The extent of a conflict of interest created by a plan administrator's dual in making benefits determinations and funding the plan.

*Id.* at 263.

Although the Court allowed discovery in these three categories, it also cautioned courts to "monitor discovery closely" and "guard against abusive discovery." *Id.* ERISA cases are strictly limited to the administrative records, and a participant is "not entitled to a second chance to produce evidence demonstrating that coverage should be afforded." *Id.* at 263, citing *Vega,* 188 F.3d at 299-300.

Mindful of this cautionary instruction, the Court has carefully considered Green's requests and finds as set forth hereafter.

### A. *NMIC's Conflict of Interest*

Because NMIC funds the Plan, determines who qualifies for Plan benefits, and ultimately issues payments under the Plan, Green alleges NMIC improperly suffers a conflict of interest in the distribution of his ERISA benefits. Accordingly, he seeks to discover information regarding NMIC's role in the distribution, including facts about the legal existence and character of numerous entities involved in the process, as well as their relationship to NMIC. In support of his

3

request, he cites case law which allows an ERISA claimant discovery if relevant to the extent of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan.

In response, the Defendants assert that formal discovery is unnecessary to address this dispute, as the Plan document—an exhibit to the Complaint—plainly names the Benefits Administrative Committee (BAC) as the Plan Administrator. Defendants contend that the BAC is vested with all authority to administer and interpret the plan, including the power to make benefit claims decisions. Defendants conclude that discovery into the issue is a waste of resources and a needless investigation into an answered question; there is no conflict of interest even though NMIC controls the trust which allocates the benefits payments. Defendants point out that the Fifth Circuit has held that a conflict of interest may still exist where a trust is the funding mechanism for employee benefits, but that such a conflict is of little significance. *Holland v. International Paper Retirement Plan*, 576 F.3d 240, 250 (5th Cir. 2009).

In the undersigned's opinion, Green has adequately set forth grounds to conduct limited discovery regarding the organization of the Plan in order to support its allegations that an internal conflict may exist. Green contends that BAC is merely an alter ego of NMIC. Further, it challenges whether the BAC has a separate existence apart from NMIC. The undersigned finds that the proposed discovery is not overly burdensome and would not be unduly costly, considering the issues involved in this case. Green is entitled to fully explore its conflict claim; Request Nos. 1-11 may be propounded, and Defendants are directed to fully respond to these requests.

*B. NMIC's Internal Consistency*

Additionally, Green seeks to discover information regarding other terminated claimants; specifically, he seeks information about those who lost their disability payments after the revocation of their "LTD Disabled" status. Under the terms of the Plan, Green asserts that NMIC cannot terminate benefits unless a claimant fails to meet one of the four conditions listed in Section 4.05.01. In the instant dispute, Green alleges he continued to meet all four factors. Yet because he was terminated anyway, Green alleges NMIC based its decision on a legally incorrect interpretation of the plan. *Wildbur v. ARCO Chemical Co.*, 974 F.2d 631, 638 (5th Cir. 1992). Accordingly, Green urges this Court should determine whether NMIC "abused its discretion" when terminating his benefits. In making this determination, *Wildbur* states that reviewing courts should examine "the internal consistency of the plan under the administrator's interpretation." Green believes discovery into previously terminated "LTD Disabled" claimants will show an inconsistent application of the Plan's grounds for termination, particularly when applied to Green's case. According to Green, such information is necessary and directly relevant to the "internal consistency of the plan under the administrator's interpretation."

Conversely, the Defendants assert that Green *did* fail to meet a condition under Section 4.05.01—he was no longer disabled. Defendants allege that this dispute is factual, turning on Green's medical condition. In contrast, *Wildbur* involved an administrator's interpretation of Plan terms, not the administrator's determinations of fact. Therefore, Green's discovery request into the terminations of other Plan participants is overbroad and runs counter to the limited discovery typically afforded ERISA cases.

5

The Court finds that the controversy in this case is not based upon the interpretation of ambiguous language; instead, it is factual in nature regarding whether or not Green met one of the four conditions listed in the Plan.  The *Wildbur* case is distinguishable, for the reasons asserted by Defendants.  As the Fifth Circuit held in *Pierre v. Connecticut General Life Ins. Co.*, 932 F.2d 1552, 1562 (5th Cir. 1991), even where the plan does not expressly give the administrator discretionary authority, factual disputes are reviewed under the abuse of discretion standard of review.   This case does not involve an interpretation of exclusionary language, as it did in the *Wildbur* case.  How other claimants' policies were interpreted is not relevant in this case, and the motion to compel is DENIED as to Request Nos. 15-17.

### C. *The Factual Background of the Determination*

In an attempt to ascertain the factual background behind the termination of his disability benefits, Green seeks to: 1) subpoena the claim file created by Eckman/Freeman & Associates and depose George Andrew, author of the Labor Market Survey; 2) depose Dr. Jo Lynn Polk, Green's second examining physician; and 3) serve contention interrogatories to learn the factual bases of Defendants' affirmative defenses.  Each of these requests should be considered separately.

1.  The Labor Market Survey.

Green seeks discovery of a Labor Market Survey, on which the Defendants relied to deny Green's appeal of his termination.  Such discovery is proper, Green alleges, because the "factual background" of Defendants' determination, on which discovery is allowed under *Wildbur*, includes the "factual background" of the Labor Market Survey.  According to Green, in *Abromitis v. Continental Casualty Co.*, 114 Fed. Appx. 57 (4th Cir. 2004), the Fourth Circuit implied that discovery should be allowed to determine the validity and accuracy of a labor market survey cited

6

as a basis of the administrator's decision to terminate disability benefits. Specifically, that court stated that "[o]ne relevant question might have been whether the survey upon which CNA relied provided false or inaccurate information, rendering CNA's decisionmaking process unreliable." *Id. at*   Though the Fourth Circuit did not allow discovery in *Abromitis* because the claimant did not dispute the accuracy of any fact in the survey, Green believes *his* discovery will clarify disputed factual issues—specifically, that Eckman/Freeman & Associates (authors of the Labor Market Survey) did not contact any prospective employers, obtained no pay information from any identifiable prospective employer, and collected no underlying data to support the alleged availability of jobs in the Eckman/Freeman survey. Moreover, Green challenges the validity of the survey, stating that it contains no references to independent sources, no citations to independent sources for third-party verification, and no names or addresses of prospective employers.

Defendants counter that Green is not entitled to the labor market survey. When conducting an abuse of discretion review of a denial of benefits based on an administrative record, the Fifth Circuit requires that the scope of review be limited to facts known to the plan administrator at the time of the benefits decision. *S. Farm Bureau Life Ins. Co. v. Moore*, 993 F.2d 98, 102 (5th Cir. 1993). Since the information would come from a third party, not the Defendants, it is outside the scope of the Court's review. Again, Defendants assert that *Wildbur* properly relates to whether a "legally correct interpretation of the plan" was made and does not allow an ERISA benefit claim plaintiff to secure "factual background" discovery with respect to factual determinations made by a plan administrator. Denial of the discovery request keeps with the Fifth Circuit's instruction to limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit...." *Crosby*, 647 F.3d at 264 (citing Fed. R. Civ. P. 26(b)(2)(C)(iii)). Here, the survey is not in

Defendants' possession, raising the cost of obtaining the information whether by subpoena or third party depositions.  Moreover, Fifth Circuit precedent does not allow the Court to consider the survey (even if it is obtained) because the Plan Administrator did not have the additional information (*see S. Farm Bureau*, 993 F.2d at 102) when making its decision, and there is no evidence the labor market survey played an important role in the BAC's decision to deny Plaintiff's appeal.  Lastly, Defendants conclude that whether the survey is false or inaccurate are for the brief on the merits, not discovery.

For the reasons asserted by Defendants, the request for discovery regarding the Labor Market Survey, Request Nos. 18-23, and the related discovery, is DENIED.  The survey is part of the administrative record, and Green will be allowed to challenge its veracity in addressing the merits of this case.

2.  Deposition of Dr. Jo Lynn Polk

Because Defendants relied on her second evaluation to reverse their decision as to Green's LTD Disabled status, Green seeks to depose Dr. Polk.  Dr. Polk's report states "there has been no significant change in the claimant's symptomatology or improvements in his sitting tolerance," affirming Green's belief that the removal of his LTD status was improper.  Green urges that he should be allowed to depose Dr. Polk to discover the "factual background of the determination," information needed to evaluate whether NMIC abused its discretion with a legally incorrect interpretation under *Wildbur*'s test.  Further, Dr. Polk should have refused to perform the IME of Green because she had a pre-existing physician-patient relationship with him, and her failure to disclose this fact is an "inference of lack of good faith."  Accordingly, Green contends he is entitled to discover why Dr. Polk did not disclose this information.

8

In opposition, Defendants assert that since 2007, only one IME report has been prepared by Dr. Polk; therefore, Request Nos. 24, 25, & 26 are moot. Defendants contend that deposing Dr. Polk would lead to "a costly system in which Article III courts would conduct wholesale reevaluations of ERISA claims and would seriously undermine ERISA's goal of resolving claims efficiently and inexpensively." *Crosby*, 647 F.3d at 264. Additionally, a prior relationship between Dr. Polk and Green have nothing to do with a review of the BAC's decision to terminate his benefits, further suggesting the denial of Green's requested discovery.

The Court finds that the information sought by Defendants from Dr. Polk involves the factual determinations made by the BAC, and this Court's review is constrained to the evidence before the plan administrator. *Vega,* 188 F.3d at 299. Further factual development regarding the medical evidence is not typically allowed. The cost of a live deposition is prohibitive and would undermine ERISA's goal of resolving claims efficiently and inexpensively. *Crosby,* 647 F.3d at 264, citing *Semien v. Life Ins. Co. of No. Am.,* 436 F.3d 805, 814-15 (7th Cir. 2006).

The motion for discovery is DENIED as to Request Nos. 24-26, and Dr. Polk may not be be deposed.

3.  Contention Interrogatories

Green argues that he should be allowed to serve Defendants' with contention interrogatories to learn the factual bases of their affirmative defenses. Defendants disagree: some of the information Green seeks has already been provided in previous correspondence, and facts implicated by the discovery request can be satisfied from the administrative record. Further, explanation of legal theories is protected from discovery by the work-product doctrine or the attorney-client privilege. As such, there is no reason to permit this discovery.

The Court finds no authority which would allow Plaintiff to propound the contention interrogatories set forth in Request Nos. 12, 13, and 27-30, and the motion for discovery is DENIED as to these requests.

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion for Discovery [ECF No. 11] is GRANTED as to Request Nos. 1-11, and Defendants shall respond to this discovery on or before **August 27, 2012**.

2. Plaintiff's Motion for Discovery is DENIED as to all other requests.

3. The motion deadline in this case is extended until **October 9, 2012.**

SO ORDERED, this the 23rd day of July, 2012.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE